```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Christopher Beaulieu
a/k/a Crystal Beaulieu[1]

   v.                                     Civil No. 16-cv-471-JD
                                                  Opinion No. 2018 DNH 174

New Hampshire Governor et al.


                                       O R D E R

Christopher "Crystal" Beaulieu, who is proceeding pro se and in forma pauperis, filed motions for preliminary injunctive relief, challenging certain conditions of her confinement at the New Hampshire State Prison for Men. The defendants have objected. Beaulieu also moved to withdraw her requests for preliminary injunctive relief, and then filed a motion to disregard the motion to withdraw. The defendants objected to the motion to disregard. In addition, Beaulieu has moved to amend her complaint, and the defendants objected.

The defendants move for reconsideration of the court's order granting in part and denying in part their motion to dismiss. Beaulieu did not file a response to the motion for reconsideration. Beaulieu has filed a series of motions seeking copies of filings and exhibits and extensions of time.

---

[1] Beaulieu is a transsexual female who uses the name "Crystal," and prefers to be referred to with female pronouns.

Background

As was explained in the order granting in part and denying in part the defendants' motion to dismiss, Beaulieu is a transsexual inmate who has been incarcerated at the New Hampshire State Prison for Men since January 6, 2011. Although born a male, she identifies as female, which is reflected in her clothing, makeup, and hair style. She began hormone treatment in October of 2015.

Because of her transsexual status, Beaulieu alleges that she is particularly at risk in the prison environment. She also alleges that she has mental health issues and that the prison staff is aware of those issues. Beaulieu's allegations reflect her tumultuous history at the prison, including allegations of sexual assaults and disciplinary measures imposed on multiple occasions.

On preliminary review, the magistrate judge ordered service of thirteen claims. Report and Recommendation, doc. no. 16 (Nov. 30, 2017), approved, Order, doc. no. 21 (Jan. 2, 2018). The defendants moved to dismiss most of the claims, and Beaulieu objected. The court granted the motion in part. Doc. no. 54. The claims that remain in the case are as follows:

    2. SHU Sgt. Stefan Czak and Corrections Officer ("CO") Eric Turner committed the state law tort of negligence, by housing Beaulieu with inmate Shawn Cook in March 2015, knowing that Beaulieu was at particular risk of sexual victimization and that Cook had a history of sexual assault.

3. Defendants Capt. Michael Edmark and Lt. Scott Marshall, knowing that Beaulieu suffers from mental health problems, violated Beaulieu's Eighth Amendment rights, and committed the state law tort of negligence by housing Beaulieu in a cell below inmate Cook on May 20, 2015, while the investigation of Beaulieu's sexual assault claim against Cook was ongoing, and knowingly allowing Cook to harass and threaten Beaulieu, thus creating a substantial risk to Beaulieu's mental health.

4. An unnamed NHSP corrections officer, identified in the R&R as John Doe #1, on May 27, 2016, violated Beaulieu's Eighth Amendment rights, and committed the state law tort of negligence, by putting Beaulieu in a cell with an inmate who the officer knew or should have known was a member of a gang with which Beaulieu had prior difficulties, thus placing Beaulieu at a substantial risk of serious harm.

5(a). CO Christopher Brownlie, CO Young, and CO Dominic Salce committed the state law tort of negligence, by placing Beaulieu at a substantial risk of serious harm from other inmates, in that:

    a. CO Christopher Brownlie told another inmate that Beaulieu was a "rat".

5(b & c). CO Christopher Brownlie, CO Young, and CO Dominic Salce violated Beaulieu's Eighth Amendment rights, and committed the state law tort of negligence, by placing Beaulieu at a substantial risk of serious harm from other inmates, in that:

    b. CO Young told inmates that Beaulieu was a "rat" and a "skinner," and

    c. CO Dominic Salce yelled, where all of the inmates on Beaulieu's tier could hear him, that Beaulieu had requested statement forms, which Salce knew would cause other inmates to think Beaulieu is a "rat."

6. Warden Zenk, Maj. Jon Fouts, Capt. Boynton, Lt. Paul Carroll, Sgt. Gary Lydick, Sgt. Jeremiah Totten, Cpl. Stone, and Cpl. Pat Wright, knowing that Beaulieu suffers from mental health problems, committed the state law tort of negligence, by allowing Brownlie to work in proximity to, and interact with, Beaulieu during the investigation of Beaulieu's sexual assault accusation against Brownlie, and allowing Brownlie to harass

Beaulieu, thus creating a substantial risk of serious harm to Beaulieu's mental health.

7. Sgt. Lydick, Lt. Carroll, and Capt. Edmark committed the state law tort of negligence, in that, knowing that CO David Dionne had previously used excessive force on Beaulieu and harassed Beaulieu, and knowing that Beaulieu suffers from mental health problems, those defendants allowed Dionne after July 28, 2016, to continue to work in proximity to Beaulieu, thus creating a substantial risk of serious harm to Beaulieu's mental health.

8. On July 6, 2017, Sgt. Totten, CO Jason Caruso and Lt. Marshall committed the state law tort of negligence by denying Beaulieu's request to see a mental health worker when Beaulieu told the officers she was actively suicidal and instead told Beaulieu to "just kill [her]self," and by laughing at and provoking Beaulieu, thus creating a substantial risk of serious harm to Beaulieu's mental health.

9. In retaliation for Beaulieu's First Amendment activities including her filing of a complaint against CO Brownlie, accusing that officer of sexually assaulting her, as well as Beaulieu's oral and written grievances, and lawsuits filed against other DOC staff members:

   a. An unnamed officer, identified in the R&R as John Doe #2, charged Beaulieu with a disciplinary violation for disrespecting CO Chandonnet, when Beaulieu objected to Chandonnet's actions that Beaulieu considered to be sexual assault;

   b. Sgt. Pelletier, CO John Aulis, Lt. Andrew Newcomb, and CO Timothy Miller, Capt. Masse, Cpl. Paz, and CO Lamontagne, charged Beaulieu with multiple disciplinary infractions;

   c. Unnamed officers, identified in the R&R as the "Keep Away John Does," instituted a "Keep Away" directive preventing Beaulieu and her boyrfriend, Steven Newcombe, from having any type of contact with one another.

   d. On May 11, 2017, Sgt. Lydick inflicted unnecessary force on Beaulieu, causing her severe pain;

   e. Cpl. Wright told Beaulieu to kill herself;

4

f. CO Young told other inmates that Beaulieu is a "rat" and a "skinner"; and

g. On July 6, 2017, Beaulieu was subjected to unprovoked excessive force, tazed, kicked, and placed in a restraint chair by Sgt. Totten, CO Caruso, Lt. Carroll, Capt. Edmark, and Lydick.

10. On an unspecified date in 2016, CO G. Nimorowski, while escorting Beaulieu between areas of the prison while Beaulieu was handcuffed, violated Beaulieu's Eighth Amendment right not to be subjected to excessive force maliciously or sadistically applied, in that Nimorwski, without provocation, pulled and twisted Beaulieu's arm, and then, when Beaulieu told Nimorowski that he was hurting her, Nimorowski forcefully pushed her handcuffs toward her elbows, causing her pain;

11. On December 5, 2016, Sgt. Totten, while escorting Beaulieu between areas of the prison, after Beaulieu said she refused to live on a particular tier in SHU and then stated that she was suicidal, violated Beaulieu's Eighth Amendment right not to be subjected to excessive force maliciously or sadistically applied, in that:

a. Sgt. Totten slammed Beaulieu's head against the window, and held her against the window by her arms; and

b. After Beaulieu had smashed her own head against the window, Sgt. Totten slammed Beaulieu against a doorframe and then slammed her face into the floor, while Beaulieu was not resisting Totten's attempts to restrain her.

12. Shortly after May 11, 2017, in response to Beaulieu's accusation of sexual assault against CO Brownlie, Sgt. Lydick and other unnamed officers, identified by the court in the Report and Recommendation issued this date as "May 11 John Does," violated Beaulieu's Eighth Amendment right not to be subjected to excessive force maliciously or sadistically applied, in that, without provocation:

a. Lydick forced Beaulieu to the ground while she was in handcuffs, without allowing her the opportunity to get down voluntarily; and

b. The officers present then got "on" Beaulieu while she was on the floor in handcuffs, causing her severe pain.

13. On May 27, 2017, in response to Beaulieu smashing her cup, which she did because she was suicidal and had been refused mental health care, CO Caruso, CO Young, Capt. Edmark, Lt. Carroll, and Sgt. Lydick violated Beaulieu's Eighth Amendment right not to be subjected to excessive force maliciously or sadistically applied, in that:

>a. CO Caruso, CO Young, Capt. Edmark, Lt. Carroll, and Sgt. Lydick forcibly pulled Beaulieu's arms through the tray slot in her door and handcuffed her, and put her on the floor in the SHU rotunda;
>
>b. Lydick shot Beaulieu with a Tazer;
>
>c. Edmark kicked Beaulieu in the face while she was on the floor;
>
>d. after Beaulieu got up, Caruso and Young pulled her arms while she was handcuffed, then dropped her to the ground on her shoulder;
>
>e. CO Caruso, CO Young, Capt. Edmark, Lt. Carroll, and Sgt. Lydick fell on top of her after Caruso and Young dropped her on the ground; and
>
>f. CO Caruso, CO Young, Capt. Edmark, Lt. Carroll, and Sgt. Lydick then placed Beaulieu in a restraint chair for four hours.

I. <u>Beaulieu's Motions Related to Injunctive Relief</u>

In her motions for preliminary injunctive relief, plaintiff seeks a court order directing the New Hampshire Department of Corrections defendants to:

>a. allow Beaulieu and other transsexual inmates to buy makeup and other "female items," <u>see</u> doc. no. 13;
>
>b. allow transsexual inmates housed at the New Hampshire State Prison ("NHSP") Secure Housing Unit ("SHU") to shave more frequently than once a month, <u>see</u> <u>id.</u>;
>
>c. not house inmates in SHU dayrooms;

d.   reinstate all of the privileges Beaulieu has lost in
   disciplinary sanctions, see id.;

   e.   remove the "Keep Away" directive prohibiting Beaulieu
   and Steven Newcombe from having contact with one another,
   see id.;

   f.   allow Beaulieu to have contact with Newcomb after
   Newcombe is released from prison on parole, see id.;

   g.   prevent Corrections Officer ("CO") Christopher Brownlie
   and CO Dominic Salce from having any contact with Beaulieu,
   see id.;

   h.   move CO Timothy Miller and CO Amnott out of the NHSP's
   Medium Custody South Unit ("MCS"), see doc. no. 18;

   i. ensure that MCS and SHU officers do not retaliate
   against Beaulieu for filing the instant lawsuit in any
   manner, and in particular, prohibiting those officers from:
   issuing excessive disciplinary charges against Beaulieu,
   "trashing" Beaulieu's cell and property, telling inmates
   that Beaulieu likes to make sexual assault accusations
   against other inmates, refusing to place Beaulieu in
   housing in which Beaulieu feels safe, and subjecting
   Beaulieu to unsanitary and uncomfortable conditions of
   confinement, see doc. nos. 18, 43, 48.

The magistrate judge heard evidence on the motions for injunctive relief on March 9, 2018 and April 17, 2018. The next scheduled day of the evidentiary hearing was postponed, as Beaulieu had become unavailable for medical reasons, to be rescheduled when those medical issues were resolved. Prior to rescheduling the evidentiary hearing on the motions, the court granted the parties the opportunity to brief the question of whether plaintiff's requests for injunctive relief had become moot. See Endorsed Order, June 20, 2018.

A. Standard of Review

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (quoting Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20 (2008)); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). The likelihood of success on the merits and irreparable harm in the absence of an injunction are the factors that weigh most heavily in the analysis. Id. ("perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." (internal quotation marks, alterations, and citation omitted)); Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis). The burden of proof is on the movant. Id.

## B. Requests for Injunctive Relief Unrelated to Claims in this Case

Beaulieu's motions seek relief for claims that are not pending against the defendants in this case. "'[A] party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Gray v. Perkins, No. 14-cv-386-PB, 2018 WL 1998975, at *1 (D.N.H. Apr. 2, 2018), R. & R. adopted 2018 WL 1998915, at *1 (D.N.H. Apr. 27, 2018).

Specifically, in Document No. 13, Beaulieu seeks injunctive relief related to claims concerning: access to female items, the ability to shave more frequently while in SHU, housing in SHU dayrooms, reinstatement of privileges Beaulieu lost as a result of disciplinary action against her, a "Keep Away" directive and post-parole contact concerning inmate Steven Newcombe, and denying Beaulieu cellmates in SHU. The claims based on those events and circumstances have been dismissed.[2]

---

[2] In addition, the defendants assert that the parties have agreed, as to Beaulieu's access to female items and her ability to shave more than once a month while in SHU, that "those issues have been addressed by policy changes within the [DOC] and are now moot." Doc. No. 44-1, at 1. Beaulieu has not disputed either the existence of new DOC policies or the mootness of her related claims for preliminary injunctive relief. Accordingly, Beaulieu's claim for access to female items and more frequent opportunities to shave in SHU are also moot.

9

Beaulieu cannot show that she is likely to succeed on claims that have been dismissed. Further, these requests for injunctive relief are not related to the injuries alleged in the claims presently pending in this case.

In document nos. 18, 43, and 45, Beaulieu seeks injunctive relief relating to her allegations of events and injuries that have arisen or occurred since Beaulieu filed this action. As was true in another action Beaulieu filed in this court, Beaulieu v. Orlando, No. 15-cv-012-JD:

> The only basis upon which the court can find there is a relationship between the claims in this action and plaintiff's request for injunctive relief against DOC officials is that Beaulieu claims the conduct she seeks to enjoin is retaliation for her litigation here. However, no retaliation claim is pending in this case. Plaintiff's allegations do not suffice, therefore, to establish the requisite connection between the underlying claims and relief requested in her motion for injunctive relief.

2017 WL 3773053, at *3 (D.N.H. July 24, 2017), R. & R. approved sub nom. Beaulieu v. NH Dep't of Corr., 2017 WL 3822879, at *1 (D.N.H. Aug. 30, 2017). Accordingly, Beaulieu's requests for injunctive relief in document no. 13, other than her requests for an order preventing COs Brownlie and Salce from contacting her, do not seek relief relating to the claims underlying this case, and to that extent, plaintiff cannot obtain the relief she seeks.

10

C. Housing in SHU and MSC

Beaulieu's request for an injunction, concerning contact with COs Brownlie and Salce, as well as all of the relief she requested in documents nos. 18, 43, and 45, arise out of conditions that existed during her previous housing placements in SHU and in MCS. The defendants, and other DOC officers identified in Beaulieu's motions for injunctive relief, whose actions Beaulieu now seeks to enjoin, work in SHU and MCS. In their memorandum concerning the mootness of Beaulieu's requests for injunctive relief, the defendants assert that Beaulieu has, since April 23, 2018, been housed in the NHSP's Health Services Center ("HSC") or in the NHSP's Residential Treatment Unit ("RTU"). Defendants further assert that because Beaulieu has refused placement in protective custody in SHU, as she doesn't feel safe on that unit, if it becomes necessary to remove Beaulieu from the RTU, she will be returned to the HSC, and will not be returned to SHU or MCS.

Beaulieu agrees that she has been housed in either the HSC or RTU since April 2018. See doc. no. 72. Because Beaulieu's requests for injunctive relief, in the four motions with which this Order is concerned, allege harms which occurred, or which Beaulieu feared would continue to occur, in SHU and/or MCS, by officers who work on those units, her remaining requests for injunctive relief in document no. 13, and all of her requests

11

for such relief in Document Nos. 18, 43, and 45, have been rendered moot by her apparently permanent transfer out of those units. See Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) ("A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release."). Accordingly, as Beaulieu's motions for preliminary injunctive relief concern conditions on SHU and MCS, they are denied as moot.

> D. Beaulieu's Motions to Withdraw Her Motions for Injunctive Relief and Motion to Disregard

Because the court denies Beaulieu's motions for preliminary injunctive relief as moot, her motion to withdraw those motions is denied as moot. As the motion to withdraw is denied, the motion to disregard the motion to withdraw is also denied as moot.

II. Beaulieu's Motion to Amend

Beaulieu filed a motion for leave to amend her complaint to further address injunctive relief and to allege "clearer facts, new allegations, claims, and defendants." She also represented that the defendants have agreed to allow her to amend. The defendants object to the motion to amend and demonstrate that they did not agree to amendment.

Beaulieu did not file a copy of her proposed amended complaint with her motion for leave to amend or otherwise comply with the requirements of Local Rule 15.1. Her description of her intended amendments, however, show that she intends to add new claims and defendants to support her requests for injunctive relief that are been denied. Those claims are unrelated to the claims that were alleged in her complaint, allowed on preliminary review, and narrowed through the defendants' motion to dismiss.

This case has been pending since October of 2016. Beaulieu has continually attempted to move away from her original claims to raise new issues involving new parties. As such, she is attempting to present a moving target by adding new matters and defendants based on changing events and circumstances. See Negron v. Turco, 253 F. Supp. 3d 361, 363-64 (D. Mass. 2017).

The motion to amend is denied.

III. Beaulieu's Miscellaneous Motions

Beaulieu has filed motions that request copies of filings and exhibits related to her motions for injunctive relief, unspecified subpoenas and copies of docket sheets from other cases, an injunction against transferring her to a facility in another state, and relief with respect to her medications and an extension of time to respond to unspecified motions. To the

extent Beaulieu's requests are directed to the court, the defendants take no position on those matters. The defendants dispute Beaulieu's allegations related to her various disciplinary and placement issues and object to her requests for extensions of time.

Beaulieu's requests for documents and exhibits related to her motions for injunctive relief are moot for the reasons explained above. Her motion for twenty subpoenas and for copies of dockets in other cases is not sufficiently specific to allow the court to respond. Her most recent motion for extensions of time does not explain what motions she needs additional time for response. To the extent she is requesting an injunction pertaining to her medications, that is not a claim in this case. The motions seeking copies of other dockets, documents, unspecified extensions of time, and exhibits are denied.

In her "Motion for a Court Order," Beaulieu states that "[u]pon information and belief the Department of Corrections is planning [sic] to Send ME Out of State." She says that she would have difficulty litigating her case from a facility in another state. In response, the defendants contend that Beaulieu cannot show irreparable harm based on her subjective conjecture about what might happen. They also contend that transfers to another facility do not implicate a liberty

interest and that Beaulieu lacks facts to support a theory of retaliatory transfer.

As the defendants contend, Beaulieu has not shown that she is likely to experience irreparable harm due to a transfer to a facility in another state. For that reason, her motion for a court order to enjoin a transfer is denied.

IV. Defendants' Motion for Reconsideration

The defendants move for reconsideration of the court's order granting in part and denying in part their motion to dismiss. In support, the defendants contend that, contrary to the order, they moved to dismiss both state and federal claims under 42 U.S.C. § 1997e(e), that Claim 8 should have been dismissed for failure to allege an injury, that the negligence claims in Claims 2 and 5(a) are barred under RSA 99-D, and that the same claims should be dismissed for lack of supplemental jurisdiction.

"'[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" United States v. Zimny, 846 F.3d 458, 467 (1st Cir. 2017) (quoting United States v. Allen, 573 F.3d 42, 53

(1st Cir. 2009)). Reconsideration is not "a vehicle for a party to undo its own procedural failures" or a means to "advance arguments that could and should have been presented to the district court prior to" the decision being issued. Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006). Further, reconsideration does not permit a party to "regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014).

In addition, as the court noted in the order on the defendants' motion to dismiss, the defendants' challenges to Beaulieu's claims and their defenses are best considered in the context of a motion for summary judgment, which is based on evidence rather than allegation.

A. Section 1997e(e)

The defendants assert that the court erred in failing to dismiss Beaulieu's negligence claims under § 1997e(e). In their motion to dismiss, however, the defendants relied on the standard provided by Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005), "'Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.'" Doc. 25 at 8. The court, not surprisingly, interpreted the defendants' motion to

16

challenge the constitutional claims under § 1997e(e). Therefore, to the extent the defendants actually challenged the negligence claims under § 1997e(e) in the motion to dismiss, they have not shown that the decision is based on a manifest error of law.

### B. Claim 8

The defendants argue that because the court dismissed the Eighth Amendment part of Claim 8, for failure to allege harm, the negligence part of the claim should also be dismissed. It does not appear that the defendants made that argument in the motion to dismiss. No manifest error has been shown.

### C. Official Immunity

The defendants now argue that the negligence parts of Claims 2 and 5(a) must be dismissed based on official immunity provided by RSA 99-D because the court concluded that Beaulieu had not alleged facts to show deliberate indifference to support the Eighth Amendment claims. That argument appears to be a response to the court's reasoning in not dismissing the negligence claims under RSA 99-D and does not appear to have been made in the motion to dismiss. Therefore, the defendants have not shown a manifest error.

D. Supplemental Jurisdiction

The defendants argue for the first time in their motion for reconsideration that the negligence claims in Claims 2 and 5(a) should be dismissed for lack of supplemental jurisdiction under 28 U.S.C. § 1367(a). The defendants, however, never raised § 1367(a) in their motion to dismiss. In addition, the argument appears to be a challenge to the preliminary review of the claims in this case, which is no longer at issue. The defendants have not shown a manifest error.

## Conclusion

For the foregoing reasons, Beaulieu's motions seeking preliminary injunctive relief (doc. nos. 13, 18, 43, and 45), motion to withdraw (doc. no. 57) her motions for preliminary injunctive relief, and motion to disregard (doc. no. 73) her motion to withdraw are denied.

Her motions seeking copies, extensions of time, and other injunctive relief (doc. nos. 55, 56, 58, 59, 62, 74, and 76) are denied.

Beaulieu's motion to amend (doc. no. 60) is denied.

The defendants' motion for reconsideration (doc. no. 61) is denied.

A preliminary pretrial conference will be scheduled and the parties shall file proposed scheduling plans or a joint plan

under Federal Rules of Civil Procedure 26(f) and 16(b) and Local Rule 16.1 and 26.1.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

August 30, 2018

cc: Christopher Beaulieu, a/k/a Crystal Beaulieu, pro se
    Anthony Galdieri, Esq.
    Laura E. B. Lombardi, Esq.